**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
WHITE PLAINS HYUNDAI I, LLC,
JONATHAN GRANT,

                               Plaintiff,

   -against-

MELVIN ABREU,

                             Defendant.
-------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
17–cv–4047 (ADS) (GRB)

**APPEARANCES:**

**Abrams Fensterman Fensterman Eisman Formato Ferrara & Wolf**
*Attorneys for the Plaintiffs*
One Metro Tech Center
Suite 1701
Brooklyn, NY 11201
       By:   Rachel Demarest Gold, Esq.,
               Sharon P. Stiller, Esq., Of Counsel

**Aboyoun & Heller, L.L.C.**
*Attorneys for the Defendant*
77 Bloomfield Avenue
Pine Brook, NJ 07058
       By:   Seth L. Dobbs, Esq., Of Counsel

**SPATT, District Judge**:

On July 7, 2017, the Defendant Melvin Abreu (the "Defendant") removed this breach of contract action from New York State Supreme Court, Nassau County, claiming that there was complete diversity of citizenship between the parties.

On July 17, 2017, the Plaintiffs White Plains Hyundai I, LLC (the "Plaintiff White Plains Hyundai") and Jonathan Grant (the "Plaintiff Grant") (collectively, the "Plaintiffs") filed a motion to remand this action back to New York State Supreme Court because of a lack of complete diversity. The Plaintiffs also moved, pursuant to 28 U.S.C. §1447(c) ("Section 1447(c)"), for

1

attorneys' fees because they claim that the Defendant did not possess an objectively reasonable basis for removal.

In response, the Defendant consents to remand, and claims that he had a right "test the view" of the Second Circuit's rule that a limited liability company takes the citizenship of its members, because the United States Supreme Court has never ruled on the issue.

Section 1447 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005).

The Plaintiff Grant is a resident of New York. The Defendant claims that he is a resident of California, though the Plaintiffs dispute that fact. The Plaintiff White Plains Hyundai is a limited liability company (an "LLC"). Under Second Circuit law, an LLC takes the citizenship of each of its members. *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Therefore, under Second Circuit precedent, because the Plaintiff Grant and the Defendant were both members of the LLC at the time the action was filed, the Plaintiff White Plains Hyundai is domiciled in New York and California. Accordingly, there is not complete diversity under the law of the Second Circuit.

However, as the Defendant points out, the Supreme Court has never ruled on whether the Second Circuit's approach is correct. (See Def.'s Mem. of Law in Opp. at 2–3); *see also Atanasio v. O'Neill*, 235 F. Supp. 3d 422, 425 (E.D.N.Y. 2017) ("[T]he question of the citizenship of LLCs,

for purposes of diversity jurisdiction, has not been definitively settled by the Supreme Court . . . .").

While the Defendant has not proven that he is a resident of California, he represents that he currently lives there, and has nevertheless consented to remand for purposes of judicial economy. The Court therefore need not address the issue of the Defendant's domicile. However, if the Defendant were able to prove that he is domiciled in California, he could have attempted to test the viability of the Second Circuit's rule on the citizenship of LLCs, and possibly appeal the matter all the way to the United States Supreme Court. The Court will not penalize the Defendant for attempting to test the validity of the Second Circuit's rule.

Therefore, the Court finds that the Defendant possessed an objectively reasonable basis for seeking removal in this instance. Accordingly, the Plaintiffs' motion for attorneys' fees pursuant to Section 1447(c) is denied.

The Clerk of the Court is respectfully directed to remand this case back to the Supreme Court of the State of New York, Nassau County.

**SO ORDERED:**

Dated: Central Islip, New York

October 19, 2017

                                              ___/s/ Arthur D. Spatt____

                                              ARTHUR D. SPATT

                                              United States District Judge